CV11-4905

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

H. H., by her Mother and Natural Guardian,
ALEXANDRIA HINSON,

                      Plaintiff,

        -against-

THE CITY OF NEW YORK; POLICE
DEPARTMENT OF THE CITY OF NEW YORK;
and WAYNE S. TAYLOR,

                      Defendants.
------------------------------------------------------------- X

11 Civ. _____

**COMPLAINT**

**Jury Trial Demanded**

GERSHON, J

LEVY, M.J  SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 11 2011 ★
BROOKLYN OFFICE

Plaintiff, complaining of the defendant, by his attorneys, THE BERKMAN LAW OFFICE, LLC, alleges for her complaint as follows:

### THE PARTIES

1. At all times mentioned herein, the plaintiff, H.H. is a natural person residing in the City and State of New York, County of Kings.

2. At all times relevant to this complaint, H. H. is a minor, having been born in 1994.

3. Upon information and belief, the defendant THE CITY OF NEW YORK ("CITY") is a municipal corporation organized and existing under the laws of the State of New York.

4. Upon information and belief, the defendant POLICE DEPARTMENT OF THE CITY OF NEW YORK ("NYPD") is a division or department of the defendant CITY.

5. Upon information and belief, the defendant WAYNE TAYLOR ("TAYLOR") is a natural person presently residing in the State of New Jersey.

6. Upon information and belief, at all times relevant to this complaint, the defendant TAYLOR was a detective employed by the defendant NYPD.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 USC § 1331, as plaintiff asserts a cause of action under 42 USC § 1983.

8. Venue is properly placed in the United States District Court for the Eastern District of New York since, upon information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this District. *See* 28 U.S.C. § 1391(b)(2).

## NOTICE OF CLAIM REQUIREMENTS

9. Although no notice of claim is required to preserve plaintiff's right to maintain an action under 42 USC § 1983, plaintiff did file a timely notice of claim against the City and the NYPD on or about April 18, 2008.

10. The defendants assigned the claim number 2008PI010546.

11. A 50-h hearing was held on August 11, 2008.

12. To date the defendants have not settled or denied this claim.

## THE UNDERLYING FACTS

13. Upon information and belief, the defendant TAYLOR was a police officer and detective for many years.

14. Upon information and belief, at all times relevant to this complaint the defendant TAYLOR was known by the defendants NYPD and CITY to have had improper relationships with prostitutes, including prostitutes who were minors.

15. Indeed, prior to the events at issue in this complaint, the defendant TAYLOR was disciplined by the NYPD in relation to having had an improper relationship with an under-age prostitute.

16. Upon information and belief, the defendant TAYLOR had been under investigation by the NYPD's Internal Affairs UNIT.

17. Upon information and belief, TAYLOR had been assigned to the NYPD's Organized Crime Control Bureau, a notoriously corrupt and poorly supervised bureau that was scandalized by the arrests of dozens of its officers for corruption and worse.

18. Upon information and belief, the defendant TAYLOR also had been disciplined for making improper use of a police vehicle.

19. Upon information and belief, the defendant TAYLOR had a girlfriend named ZALIKA BROWN ("BROWN").

20. On or about January 10, 2008 Plaintiff H. H. was introduced to the defendant TAYLOR.

21. At the time H. H. was introduced to TAYLOR, TAYLOR was in the company of his girlfriend BROWN, as well as three women named "Crystal," "Honey," and "Muffin," who appeared to be prostitutes.

22. At the time, H. H. was 13 years old.

23. Thereafter, TAYLOR told H. H. that she had been "sold" to TAYLOR and BROWN for $500.

24. TAYLOR threatened H. H. that if she would not do as he directed and work as a prostitute, performing sex acts for money, he would use his power as a police officer to have her arrested for prostitution, and that if she did as he instructed she would have no problems with the police.

25. TAYLOR then took H. H. to various places where she was forced to dance naked for men and to have sex with them in exchange for money paid by the men to TAYLOR and BROWN.

26. TAYLOR set prices of $40 for oral sex and $80 for intercourse and instructed H. H. to give her age as 19 if asked.

27. If H. H. would refuse to dance or engage in sex acts as directed, she would be beaten by TAYLOR and BROWN.

28. On one occasion, H. H. was required to attend a party in a barber shop where she was forced to have sexual intercourse with as many as eight or nine men.

29. TAYLOR and BROWN drove H. H. to numerous parties in Queens, Manhattan, and Brooklyn where she was forced to dance and engage in sex acts with numerous men while TAYLOR and BROWN pocketed the money the men paid.

30. Every day that H. H. was with TAYLOR and BROWN they beat her repeatedly and TAYLOR threatened that he would arrest her if she disobeyed him.

31. TAYLOR and BROWN forced H. H. to perform sex acts with other female prostitutes and photographed those sex acts. It is unknown to plaintiff at this time whether these photographs were posted on the internet or sold to dealers in child pornography.

32. On or about January 24, 2008, TAYLOR "sold" H. H. to another pimp who was known as "Pretty Tony."

33. "Pretty Tony" passed H. H. to his nephew, who released her.

34. Ultimately, TAYLOR and BROWN were arrested and thereafter upon information and belief pleaded guilty to kidnapping and promoting prostitution.

## AS AND FOR A FIRST CLAIM FOR RELIEF

35. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

36. At all times relevant to this complaint, the defendant TAYLOR was acting under color of state authority, and under authority of the defendants CITY and NYPD, using his power as a police detective to intimidate and coerce 14 year old H. H. into performing sex acts as a prostitute.

37. Had it not been for TAYLOR's status as a police detective, his gun, badge and handcuffs, his power to make arrests, and his intimate relationship with the NYPD that enabled him to avoid investigation for pimping, the horrific captivity, rape, and sexual slavery of the plaintiff H. H. could never have happened.

38. Upon information and belief, the defendants CITY and NYPD had sufficient information and knowledge available to them that TAYLOR was engaging in improper relationships with prostitutes, including under-age prostitutes, and engaging in other misconduct, that they are chargeable with knowledge of TAYLOR's activities.

39. Upon information and belief, at all times relevant to this complaint, TAYLOR subjected the plaintiff to the aforementioned conduct, which constituted a deprivation of her rights, privileges, and immunities secured by the Constitution and laws of the United States of America and the State of New York.

40. Among other things, H. H. was damaged in that she was wrongfully deprived of her liberty; beaten; subjected to rape and forced sexual intercourse; forced to engage in sex acts for money; was terrified and intimidated her; was robbed of her childhood; was kidnapped and forcibly detained; was purportedly sold like an object; possibly had images of herself performing sex acts sold on the internet; was caused to suffer severe and permanent physical and psychological injuries; was required to be hospitalized; required to receive medical care and attention; required to undergo therapy; pain and humiliation; injury to head, face, eyes, sexual organs; mental anguish, fear, anxiety, shame, humiliation, indignity, damage to reputation; was required to undergo diagnostic testing and imaging; required to take

medication; plaintiff has become sick, sore, lame and disabled; plaintiff has been unable to work; and plaintiff has been otherwise injured.

41. The defendants CITY and NYPD are liable to the plaintiff since they knew, or should have known, of the defendant TAYLOR's improper involvement with prostitutes, including underage prostitutes, failed to properly investigate or supervise TAYLOR, and allowed TAYLOR to use his powers as a police detective to run a pimping business.

42. Additionally, the defendants City and Police Department are vicariously liable for the actions of the police officer defendants as the actions alleged herein, including threatening to arrest H. H. for prostitution, were within the scope of the employment of the police officer defendants.

43. The defendants are jointly and severally liable.

44. By reason of the foregoing, the plaintiff is entitled to recover from the defendant pursuant to 42 U.S.C. § 1983 for the full extent of her damages, in an amount to be determined at trial, but not to exceed $25,000,000.

## AS AND FOR A SECOND CLAIM FOR RELIEF

45. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

46. Upon information and belief, the defendants CITY and NYPD were negligent in their hiring and supervision of the defendant TAYLOR.

47. As a result of the defendants' negligence, the plaintiff was damaged as aforesaid.

48. Additionally, the defendants City and Police Department are vicariously liable for the actions of the police officer defendants as the actions alleged herein, including threatening to arrest H. H. for prostitution, were within the scope of the employment of the police officer defendants.

49. The defendants are jointly and severally liable.

50. By reason of the foregoing, the plaintiff is entitled to recover from the defendant pursuant to 42 U.S.C. § 1983 for the full extent of her damages, in an amount to be determined at trial, but not to exceed $25,000,000.

## AS AND FOR A THIRD CLAIM FOR RELIEF

51. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

52. The defendants are liable for assault, battery, false imprisonment, prima facie tort, and outrageous conduct giving rise to personal injuries.

53. Upon information and belief, the defendants CITY and NYPD were negligent in their hiring and supervision of the defendant TAYLOR.

54. As a result of the defendants' negligence, the plaintiff was damaged as aforesaid.

55. Additionally, the defendants City and Police Department are vicariously liable for the actions of the police officer defendants as the actions alleged herein, including threatening to arrest H. H. for prostitution, were within the scope of the employment of the police officer defendants.

56. The defendants are jointly and severally liable.

57. By reason of the foregoing, the plaintiff is entitled to recover from the defendant pursuant to 42 U.S.C. § 1983 for the full extent of her damages, in an amount to be determined at trial, but not to exceed $25,000,000.

**WHEREFORE**, the plaintiff demands judgment against the defendant in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated: New York, New York
       October 10, 2011

Yours,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for the Plaintiff*

by: _____
Robert J. Tolchin

111 Livingston Street, Suite 1928
Brooklyn, New York 11201
718-855-3627